

**FILED**
**Jul 20, 2018**
**10:49 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **PATRICIA SHETTERLY,** ) | **Docket No. 2018-03-0071** |
| **Employee,** ) | |
| **v.** ) | |
| **CAMPBELL COUNTY,** ) | **State File No. 87458-2017** |
| **Employer,** ) | |
| **and** ) | |
| **LOCAL GOV'T WORKERS'** ) | **Judge Pamela B. Johnson** |
| **COMPENSATION FUND** ) | |
| **Carrier.** ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
### (Decision on the Record)

---

This matter came before the Court on Patricia Shetterly's Request for Expedited Hearing seeking a decision on the record. Campbell County did not file a response or request an evidentiary hearing. The Court issued a Docketing Notice listing the documents to be considered and gave the parties until July 3, 2018, to file objections to admissibility of documents and/or position statements. Neither party did so. On review of the file materials, the Court holds it needs no additional information to determine whether Ms. Shetterly is likely to prevail at a hearing on the merits of the claim.

The issue is Ms. Shetterly's entitlement to additional medical benefits and temporary total disability benefits. For the reasons below, the Court holds she presented sufficient evidence demonstrating she is likely to prevail on entitlement to medical benefits but not temporary disability benefits. Accordingly, at this time, the Court grants the requested medical benefits but denies the requested temporary disability benefits.

1

## History of Claim

Ms. Shetterly worked for Campbell County Government in the Circuit Court Clerk's office, collecting outstanding court fines and costs. On June 16, 2017, she slipped and fell on the floor at work, injuring her hip. She reported her injury to her supervisor.

Campbell County did not provide Ms. Shetterly with medical or temporary disability benefits for her work injury. However, in its discovery responses, Campbell County acknowledged that she suffered an injury by accident in the course and scope of her employment.

Ms. Shetterly sought medical treatment on her own with Dr. Paul Naylor. Dr. Naylor responded to a letter from her counsel confirming that the June 16, 2017 fall caused the issues Ms. Shetterly experienced in her hip and for which she received treatment. Although she did not submit her medical records, she stated she remains symptomatic and in need of medical treatment and temporary disability benefits.

## Findings of Fact and Conclusions of Law

Ms. Shetterly need not prove every element of her claim by a preponderance of the evidence to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must present sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

To recover benefits, Ms. Shetterly must demonstrate that she is likely to prevail at a hearing on the merits that she sustained an injury arising primarily out of and in the course and scope of her employment. The term "injury" is defined as an injury by accident arising primarily out of and in the course and scope of employment that causes the need for medical treatment. For an injury to be accidental, it must be caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and identifiable by time and place of occurrence. *See* Tenn. Code Ann. § 50-6-102(14).

The record is clear as to when and where the incident occurred: On June 16, 2017, Ms. Shetterly slipped on the floor and fell, injuring her hip. The Court concludes that she demonstrated she is likely to prevail at a hearing on the merits in proving a specific incident, identifiable by time and place of occurrence.

Campbell County acknowledged that Ms. Shetterly suffered an injury by accident when she fell and that she was acting in the course of her employment at the time of the fall. Dr. Naylor also confirmed that the June 16, 2017 fall caused the issues she

experienced in her hip and for which she received treatment. Thus, the Court concludes Ms. Shetterly demonstrated that she is likely to prevail at a hearing on the merits in proving she sustained an injury arising primarily out of and in the course and scope of her employment.

*Medical Benefits*

The Workers' Compensation Law provides that the employer shall furnish, free of charge to the employee, medical treatment made reasonably necessary by the work injury. *See* Tenn. Code Ann. § 50-6-204 (a)(1)(A). Campbell County did not provide Ms. Shetterly with medical treatment for her reported work injury. Therefore, the Court finds Ms. Shetterly was reasonable in seeking medical treatment on her own and holds Campbell County must provide her with reasonable and necessary medical treatment related to the work injury. It shall provide treatment with Dr. Naylor as the authorized treating physician.

*Temporary Disability Benefits*

To receive temporary total disability benefits, an employee must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). The Court finds that Ms. Shetterly did not submit medical records or other evidence demonstrating she was disabled from working due to the fall or the duration of any inability to work. Thus, the Court concludes she failed to demonstrate that she is likely to prevail at a hearing on the merits on entitlement to temporary disability benefits and her claim for them is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Campbell County shall provide Ms. Shetterly with medical treatment with Dr. Naylor for her injuries as required by Tennessee Code Annotated section 50-6-204.

2. This matter is set for a **Status Conference** on **September 17, 2018**, at **2:00 p.m. Eastern Time**. The parties must call (865) 594-0091 or (toll-free) (855) 543-5041 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance

with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov or by telephone at (615) 253-1471 or (615) 532-1309.

**ENTERED July 20, 2018.**

**HON. PAMELA B. JOHNSON**
**Workers' Compensation Judge**

## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed the following documents, marked as exhibits for ease of reference:

**Exhibits:**
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
   a. Brief in Support of Request of Expedited Hearing
   b. Patricia Shetterly's Affidavit
   c. Dr. Paul Naylor's Response to Letter-January 18, 2018
   d. Employer/Carrier's Response to Employee's First set of Interrogatories and Production Documents
4. Docketing Notice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on July 20, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ameesh A. Kherani, Employee's Attorney | | | X | akherani@davidhdunaway.com |
| Rhonda Bradshaw, Employer's Attorney | | | X | rlb@spicerfirm.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov